**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AARON K. SEAY, | DOCKET NUMBER |
| Appellant, | SF-0752-14-0091-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: September 5, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mary Jo Henderson</u>, Conyers, Georgia, for the appellant.

<u>Jere Diersing</u> and <u>Jessica Langley-DeGroot</u>, San Diego, California, for the
agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which
affirmed his removal from his position of Pipefitter.  For the reasons discussed
below, we GRANT the appellant's petition for review and REMAND the case to
the regional office for further adjudication of the appellant's affirmative defense

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of hostile work environment based on race and his claim of disparate penalty, in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2		The appellant worked as a Pipefitter for the agency's Naval Facilities and Engineering Command (NAVFAC) in San Diego, California. Initial Appeal File (IAF), Tab 8 at 46. The agency proposed to remove the appellant based on three charges: (1) failure to meet a condition of employment; (2) operating a government vehicle without a license; and (3) lack of candor. *Id.* at 56-57. The deciding official found all three charges supported by the evidence and determined that the misconduct warranted the appellant's removal. *Id.* at 47-48.

¶3		The appellant initiated a Board appeal challenging his removal. IAF, Tab 1 at 3. The appellant also alleged affirmative defenses of harmful error, disparate treatment and hostile work environment based on race, and retaliation for engaging in prior equal employment opportunity (EEO) and whistleblowing activity. *Id.* at 9. The appellant raised a disparate penalty claim. IAF, Tab 16 at 3.

¶4		The administrative judge found that the agency proved the charges of failure to meet a condition of employment and operating a government vehicle without a valid license. IAF, Tab 25, Initial Decision (ID) at 3-4. The administrative judge found that: (1) it was undisputed that the appellant's license was suspended for a period of time based on a conviction for driving under the influence; (2) the appellant's job description required a valid state driver's license; and (3) the appellant operated agency vehicles during the time his license was suspended. ID at 2-4. The administrative judge did not sustain the agency's lack of candor charge, finding that the agency did not demonstrate sufficient evidence of deception in the appellant's responses to the agency's inquiries regarding his license. ID at 7. The administrative judge found that the appellant failed to prove any of his affirmative defense claims. ID at 9-12. Finally, the

administrative judge found no valid comparators for a disparate penalty analysis, and found the penalty of removal to be warranted based on the two proven charges. ID at 13-15.

¶5        The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

The appellant did not prove his affirmative defense of harmful procedural error.

¶6        First, we note that the appellant has not challenged in his petition for review the administrative judge's determination that the agency established its charges of failure to meet a condition of employment and operating a government vehicle without a valid license. PFR File, Tab 1. We see no reason to disturb the administrative judge's finding on this.

¶7        The appellant contends in his petition for review that the agency engaged in harmful procedural error, in making the removal decision, when it relied on a specific agency policy, referenced as NAVFAC P-300, because he was unaware of the policy. PFR File, Tab 1 at 15-16. The appellant alleges that the agency would have selected a different penalty but for its reliance on the NAVFAC P-300 policy, which requires that an individual who is required as part of his job to operate a vehicle must have a valid driver's license and must report any suspension of the license to his supervisor the next working day after the suspension. *Id*. at 16; IAF, Tab 8 at 80-81. The administrative judge found that the appellant did not prove harmful error regarding the two sustained charges, but he did not make a finding as it related to the third charge because he already found that the agency did not prove the lack of candor charge. ID at 11-12.

¶8        Reversal of an action is warranted only where procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency. *Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 123 (1983), *aff'd sub nom. Adams v. Department of Transportation*, 735 F.2d 488 (Fed. Cir. 1984). Here, the appellant knew his license was suspended from

July 17, 2012, until February 13, 2013. IAF, Tab 13 at 2. He also knew that he could only operate vehicles with an ignition interlock device during the time his license was suspended. *See id.* at 3 (indicating that, when providing a copy of his driver's license to his supervisor, the appellant failed to explain that he was restricted to driving vehicles with such a device). Despite this, the appellant still drove a Navy vehicle that did not contain an ignition interlock device at least three times while his license was suspended. *Id.* As a result, we find that the appellant's lack of knowledge of the NAVFAC P-300 policy did not have a harmful effect upon the outcome of his case because he knew he needed a valid driver's license to operate agency vehicles, regardless of whether he knew of the NAVFAC P-300 policy.

The appellant did not prove his affirmative defense of retaliation for prior EEO activity.

¶9      The appellant alleges in his petition for review that his removal was issued in retaliation for filing an EEO complaint that challenged his nonselection for a promotional opportunity. PFR File, Tab 1 at 17-18. Where, as here, the record is complete on the issue of retaliation, the Board's inquiry proceeds to the ultimate question of whether, upon weighing the evidence presented by both parties, the appellant has met his overall burden of proving retaliation by preponderant evidence. *Dwyer v. Department of Veterans Affairs*, 107 M.S.P.R. 632, ¶ 7 (2008). "An [appellant] making a retaliation claim under [Title VII] must establish that his protected activity was a but-for cause of the alleged adverse action by the employer." *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

¶10      The administrative judge found that the supervisor who was named in the EEO complaint was not involved in the appellant's removal and that neither the proposing nor deciding official was aware of the prior EEO complaint. ID at 10. To show retaliation based on circumstantial evidence, as the appellant attempts to do here, he must demonstrate a "convincing mosaic" of retaliation against him.

*Agbaniyaka v. Department of the Treasury*, 115 M.S.P.R. 130, ¶ 16 (2010), *aff'd*, 484 F. App'x 545 (2012). The appellant's arguments on review are that the proposing official knew about the prior EEO complaint, contrary to the administrative judge's finding, and that the agency is so influenced by a chain of command structure that the proposing and deciding officials must have known of the prior EEO activity based on their positions in the command structure relative to the supervisor named in the EEO complaint. PFR File, Tab 1 at 18-20. The appellant's argument must fail. Regardless of their knowledge, there is simply no evidence that the proposing or deciding officials had any reason to retaliate based on the appellant's prior protected activity. To the contrary, the agency proved that the appellant did not have a valid driver's license as required for his job and that he drove an agency vehicle at least three times without a valid driver's license. The appellant has presented no evidence that this legitimate, nondiscriminatory reason for his removal was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth the parties' shifting burdens in a Title VII case). Accordingly, we find that the appellant did not prove his affirmative defense of retaliation for engaging in protected activity.

<u>The appellant did not prove his affirmative defense of whistleblower reprisal.</u>

¶11    The appellant continues to allege on review that his removal was reprisal for prior whistleblowing activity. PFR File, Tab 1 at 17. In an adverse action appeal where the appellant has raised a claim of whistleblower reprisal, once the agency proves its adverse action case, the appellant must show by preponderant evidence that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action.[2]

---

[2] Because the appeal was filed after the effective date of the Whistleblower Enhancement Protection Act (WPEA), we modify the initial decision to analyze the appellant's whistleblower reprisal defense under the Board's current WPEA case law. *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 3 (2013); IAF, Tab 1 at 1; *see* ID at 10-11 (analyzing the whistleblower defense using pre-WPEA case law).

*Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013).  Only if the appellant establishes a prima facie case of reprisal for whistleblowing does the burden of persuasion shift to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014); *Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶ 23 (2005), *aff'd sub nom. Gebhardt v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006).

¶12        The appellant alleged below that he disclosed to higher-level management a safety violation by his supervisor, who was also the proposing official.  ID at 10. The administrative judge found that the proposing official was aware of the protected disclosure and that the disclosure occurred approximately a week before the agency decided to remove the appellant.  ID at 11.  However, he also found, incorrectly, that the deciding official was unaware of the appellant's protected activity when he issued the removal decision.  ID at 11.  An employee may demonstrate that a disclosure was a contributing factor in the covered personnel action through circumstantial evidence, such as the acting official's knowledge of the disclosure and the timing of the personnel action.  *Shibuya*, 119 M.S.P.R. 537, ¶ 22.  An appellant's evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action, i.e., evidence sufficient to meet the knowledge-time test, satisfies the contributing factor standard.  *Id.*  Here, the appellant copied the deciding official on the email that contained the disclosure, so, assuming the deciding official received the email and that he read it soon after he received it, we can surmise that he was aware of the protected disclosure approximately 1 week before issuing his decision to remove the appellant.  IAF, Tab 13 at 40, Tab 8 at 47; Tab 17 at 7.  Under these circumstances, we find that

the appellant proved by way of the knowledge-timing test that his protected disclosure was a contributing factor in the agency's decision to remove him.

¶13    Nonetheless, we find it unnecessary to remand the appeal to the administrative judge, because we find that the agency showed by clear and convincing evidence that it would have taken the same personnel action absent the protected activity.  Because the administrative judge conducted a hearing on all material issues in the appeal, including the merits of the appellant's allegations of reprisal for whistleblowing, and because our conclusions do not rest on demeanor-based credibility determinations, we find the record sufficiently well-developed to address this issue on review.  *See Chambers v. Department of the Interior*, 116 M.S.P.R. 17,  ¶ 11 (2011) (finding remand unnecessary with regard to the issue of whether the agency met its burden to prove by clear and convincing evidence that it would have taken the action in the absence of whistleblowing).  When determining whether the agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board considers the following factors:  the strength of the agency's evidence in support of its personnel action; the existence and strength of any motive to retaliate on the part of the agency's officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated.  *Simmons*, 99 M.S.P.R. 28, ¶ 23.

¶14    The proposing official proposed the appellant's removal approximately 4 months before the appellant disclosed that the proposing official had supposedly committed a safety violation, and he also separately reported the safety violation to his supervisor.  IAF, Tab 8 at 56; ID at 10.  The appellant has not disputed the charges of failure to meet a condition of employment and operating a government vehicle without a valid license on review.  ID at 11; PFR File, Tab 1.  As noted by the administrative judge, the Board has found the penalty of removal to be reasonable for a charge of failing to remain qualified for one's position.  ID at 14.

Finally, because the deciding official was not the supervisor of the proposing official, we find no evidence of motive on the part of the deciding official to retaliate against the appellant for his disclosure. ID at 10-11. Based on the record evidence, we affirm the administrative judge's finding that the appellant failed to prove his affirmative defense of whistleblower reprisal related to his disclosure of a safety violation by the proposing official.

¶15     The appellant also argued below and on review that the agency engaged in whistleblower reprisal when it retaliated against him for his participation in EEO activity. PFR File, Tab 1 at 17; IAF, Tab 13 at 12-14. The WPEA extended the Board's individual right of action (IRA) jurisdiction to claims alleging that the agency took a personnel action because of the employee's exercise of any appeal, complaint, or grievance right granted by any law, rule or regulation with regard to remedying a violation of 5 U.S.C. § 2302(b)(8). 5 U.S.C. §§ 1221(a), 1221(e)(1), 2302(b)(9)(A)(i); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). However, the appellant's EEO activity did not concern remedying an alleged violation of subparagraph (b)(8). PFR File, Tab 1 at 17; IAF, Tab 13 at 12-13. Therefore, insofar as the appellant alleged that the agency took the personnel action in reprisal for his participation in EEO activity, the Board lacks jurisdiction to consider such allegations under the standards applicable to an affirmative defense of whistleblower reprisal. *See Mudd*, 120 M.S.P.R. 365, ¶ 7 (applying this rule in the context of a claim of reprisal disclosures made during a grievance); *see also* 5 U.S.C. § 1221(i) (indicating that the same standards for proof of a WPEA IRA claim apply to whistleblower reprisal claims raised in the context of an adverse action appeal brought under chapter 75 of Title 5). Rather, the administrative judge correctly applied the standards under employment discrimination law in adjudicating this claim. *See Viens-Koretko v. Department of Veterans Affairs*, 53 M.S.P.R. 160, 163-64 (1992) (declining to apply the lower standard of proof under the Whistleblower Protection Act to an affirmative defense of reprisal for EEO activity).

<u>The appellant failed to prove his affirmative defense of disparate treatment based on race.</u>

¶16    The appellant states in his petition for review that the administrative judge ruled on the affirmative defense of disparate treatment based on race, even though the appellant had not raised this defense.  PFR File, Tab 1 at 21.  In the appellant's appeal, he stated that the agency discriminated against him and perpetuated a hostile work environment based on his race.  IAF, Tab 1 at 9.  During the prehearing conference, the appellant was advised of the affirmative defense of disparate treatment based on race and how to prove this defense.  IAF, Tab 16 at 1-3.  There is no evidence that the appellant withdrew this defense at any point during the appeal process.

¶17    Where, as here, a claim of prohibited employment discrimination under Title VII is based on circumstantial evidence, an employee first must establish a prima face case; the burden of going forward then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802-04.  While the necessary elements of a prima facie case of prohibited discrimination vary according to the particular facts and circumstances at issue, a person claiming employment discrimination under Title VII carries the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on an impermissible criterion.  *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 575 76 (1978).  One way in which an employee may establish a prima facie case is by introducing preponderant evidence to show that he is a member of a protected group, that he was similarly situated to an individual who was not a member of the protected group, and that he was treated more harshly or disparately than the individual who was not a member of his protected group. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 41 (2010).

¶18     Because the record is complete and the agency has already articulated a legitimate, nondiscriminatory reason for its action, i.e., the appellant's failure to maintain a driver's license and driving an agency vehicle without a valid driver's license, the agency has done everything that would be required of it if the appellant had made out a prima facie case. *See id.*, ¶ 42. The inquiry proceeds to the ultimate question of whether, upon weighing all of the evidence, the appellant has met his overall burden of proving illegal discrimination, that is, whether he has produced sufficient evidence to show that the agency's proffered reason was not the actual reason for the removal and that the agency intentionally discriminated against him. *Id.* The evidence to be considered at this stage may include: (1) the elements of a prima facie case; (2) any evidence the employee presents to attack the employer's proffered explanations for its actions; and (3) any further evidence of discrimination or retaliation that may be available to the employee, such as independent evidence of discriminatory statements or attitudes on the part of the employer, or any contrary evidence that may be available to the employer, such as a strong track record in equal employment opportunity. *Id.*

¶19     The administrative judge summarized the appellant's argument as follows: the appellant's third-level supervisor discriminated and retaliated against him on the basis of his race, and the supervisor influenced the decision to remove the appellant. ID at 9. The administrative judge found no evidence that the third-level supervisor had any involvement in the appellant's discipline. *See* ID at 9. The administrative judge also found that the appellant did not allege that either the proposing or deciding official discriminated against him. ID at 10. Based on the record evidence, we find the appellant has not produced sufficient evidence to show that discrimination, and not the agency's proffered reason, was the reason for the disciplinary action taken. Therefore, we find that the administrative judge properly found that the appellant did not prove his defense of disparate treatment based on race.

<u>The administrative judge did not address the appellant's affirmative defense of hostile work environment based on race.</u>

¶20    The appellant states in his petition for review that the administrative judge did not provide a finding on his affirmative defense of hostile work environment based on race.  PFR File, Tab 1 at 21-22.  To prevail on an allegation of hostile work environment, an employee must show that the complained-of conduct was severe or pervasive enough to create a working environment that a reasonable person would find hostile or abusive and that he subjectively perceived the working environment to be hostile or abusive.  *Cf. Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 767-69 (1998) (recognizing the theory of hostile work environment in claims of race discrimination, and analogizing it to claims of sexual harassment); *Bates v. Department of Justice*, 70 M.S.P.R. 659, 662-63 (1996) (discussion of burden of proof for an allegation of hostile work environment—sexual harassment).  The complained-of conduct must be both objectively and subjectively discriminatory.  *Bates*, 70 M.S.P.R. at 662-63.

¶21    When an appellant raises an affirmative defense in an appeal by checking the appropriate box on an appeal form, identifying an affirmative defense by name, or by alleging facts that reasonably raise such an affirmative defense, the administrative judge must address the affirmative defenses(s) in any close of record order or prehearing conference summary and order.  *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010).  Here, the appellant alleged the defense of hostile work environment based on race in both his initial appeal and in his prehearing submissions, which were submitted prior to the prehearing conference.  IAF, Tab 1 at 9, Tab 13 at 15-17.  An appellant is entitled to pursue a claim that his removal was the result of a hostile work environment.  *Mosby v. Department of Housing & Urban Development*, 114 M.S.P.R. 674, ¶ 8 (2010).  There is no evidence in the record, however, that the administrative judge addressed the affirmative defense in his summary of the telephonic prehearing conference.  IAF, Tab 16.  Even if the appellant expressed an intent to withdraw his hostile

work environment claim, which he did not, the administrative judge should have identified the affirmative defense in the prehearing conference summary, explained that the Board would no longer consider it when deciding the appeal, and given the appellant an opportunity to object to withdrawal of the affirmative defense.[3]  *Gath v. U.S. Postal Service*, [118 M.S.P.R. 124](#), ¶ 11 (2012).  The record does not establish that the appellant withdrew or abandoned this affirmative defense, and the administrative judge did not advise the appellant of his burdens for this affirmative defense, so remand for further adjudication of this affirmative defense is necessary.  Because we are remanding the case for further proceedings regarding the appellant's affirmative defense, the administrative judge must issue a new initial decision that addresses this affirmative defense and its effect on the outcome of the appeal, if any, giving appropriate consideration to any additional relevant evidence developed on remand.  *Id.*, ¶ 13.  If the appellant succeeds in proving that his removal was due to a hostile work environment based on race, his removal must be overturned.[4]

The administrative judge erred in his disparate penalty analysis.

¶22    The appellant next argues that the administrative judge erred in his disparate penalty analysis and relied upon overturned case law in rendering his initial decision.  PFR File, Tab 1 at 5-10.  The administrative judge found that the employee put forward by the appellant not to be a valid comparator because the disciplinary action was issued by a different supervisor over 9 years prior to the appellant's removal.  ID at 13.  The appellant argues on review that the employee

---

[3] The administrative judge's prehearing conference summary also did not notify the parties of their opportunity to object to any portion of the summary.  IAF, Tab 16.

[4] The appeal is being remanded only to address the appellant's claim of hostile work environment based on race.  As stated above, the Board is affirming the administrative judge's finding regarding the appellant's claim of disparate treatment based on race.

is a valid comparator who received only a written reprimand versus the appellant's penalty of removal.[5]  PFR File, Tab 1 at 5-6; IAF, Tab 12 at 50-52.

¶23     The Board's standard for review of penalties is to assure managerial judgment has been properly exercised within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 302 (1981).  The Board must be satisfied that the penalty is within the range allowed by law, regulation, and any applicable table of penalties, that the penalty was based on consideration of the relevant factors, and that there has not been a clear error of judgment.  *Id.* at 301.  One of the relevant factors is disparate penalty or the consistency of the penalty with those imposed upon other employees for the same or similar offenses.  *Id.* at 305.  Following the U.S. Court of Appeals for the Federal Circuit's decision in *Williams v. Social Security Administration*, 586 F.3d 1365, 1368-69 (Fed. Cir. 2009), the Board employs a more flexible approach to this penalty factor.  *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 13-15 (2010).  To establish disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board will not have hard and fast rules regarding the "outcome determinative" nature of these factors.  *Boucher*

---

[5] The appellant argues on review that the comparator employee has a new disciplinary proposal pending and alleges that the sole reason the agency has begun the disciplinary process against this employee is to appear to be treating both employees the same.  PFR File, Tab 1 at 6-7.  The appellant alleges that the prior disciplinary proposal was withdrawn and reissued in April 2014, again to show that both employees are being treated the same.  *See id*.; PFR File, Tab 6 at 6-7.  However, at no point has the appellant provided information regarding the specific charges filed against the comparator employee, though does state that the agency has proposed the employee's removal based on his lack of a valid driver's license.  *Id.* at 6.  We find no evidence in the record that the agency is taking this action for a nonlegitimate reason and note that the allegation is not that the alleged comparator is being treated more favorably than the appellant but rather that he is being treated the same.  Therefore, the appellant has failed to state a valid claim of disparate penalty regarding this apparent recently issued discipline.

*v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012).  Comparator employees cannot be discounted entirely merely because those employees occupied different positions or faced fewer charges than did the appellant.  *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶¶ 20-21 (2013).  If an appellant raises an allegation of dissimilar penalties for like offenses, the agency must prove, by a preponderance of evidence, a legitimate reason for the difference in treatment before the more severe penalty can be upheld.  *Miille v. Department of the Air Force*, 28 M.S.P.R. 248, 251 (1985).

¶24        The administrative judge erred when he found that the proposed comparator employee was not appropriate for a disparate penalty analysis because he had a different supervisor.  ID at 13.  The Board has previously held that the fact that two employees are supervised by different individuals may sometimes justify different penalties; however, an agency must explain why different chains of command would justify different penalties.  *Boucher*, 118 M.S.P.R. 640, ¶ 22.  The agency has not done so here.  Further, the administrative judge erred in finding the remoteness in time of the comparator's discipline to be dispositive.  ID at 13.  The Board has found that, even when several years have passed between the appellant's and the comparator employee's offenses, the agency still must provide an explanation for the difference in the penalty, although the lapse in time will lessen the relevancy of the comparator.[6]  *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 23 (2014); *Boucher*, 118 M.S.P.R. 640, ¶ 22.  A deciding official must consider the consistency of the penalty as required by *Douglas*, but preponderant evidence may justify the difference in treatment based on the conduct involved.  *See Davis*, 120 M.S.P.R. 457, ¶ 16.  We find the administrative judge's disparate penalty analysis to be insufficient based on the Board's current case law.  If the appellant does not prove that his removal was

---

[6] An agency is not foreclosed from proffering evidence that the penalty for a certain offense was too lenient in the past.  *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 15 (2013).

due to a hostile work environment based on race, the administrative judge must conduct a new disparate penalty analysis, as part of the new initial decision, that reviews the appropriate factors as to whether the individual identified by the appellant is a valid comparator.[7]  Should the administrative judge determine he is a valid comparator, then the administrative judge must determine whether the agency has explained by preponderant evidence any reasons for differences in treatment between the appellant and the comparator employee.

¶25    When, as here, the Board sustains fewer than all of the agency's charges, the Board will mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges.  *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999); *see also Douglas*, 5 M.S.P.R. at 308 (when not all of the charges are sustained, the Board will carefully consider if the sustained charges merited the penalty imposed by the agency).  The administrative judge did not indicate in the initial decision whether the agency expressed such a desire.  The administrative judge should include this information in his new initial decision and conduct a new penalty analysis if the appellant is not successful in proving his affirmative defense of hostile work environment based on race.[8]

¶26    The appellant argued below and continues to argue on review that the agency could have signed a form from the California Department of Motor

---

[7] As discussed above, the administrative judge must reverse the adverse action in its entirety if he finds that it was the result of a race-based hostile work environment.  In that event, he would not reach the issue of disparate penalty.

[8] On review, the appellant reiterates his argument that the agency's table of penalties does not support the agency's decision to remove him.  IAF, Tab 13 at 12; PFR File, Tab 1 at 3-4.  He acknowledges that neither of the two proven charges is listed in the agency's table of penalties.  PFR File, Tab 1 at 3-4.  In addition, as the administrative judge noted, removal is the reasonable penalty for failing to remain qualified for one's position.  ID at 14.  Therefore, we do not find persuasive the appellant's argument regarding the table of penalties.

Vehicles that allowed him to operate a vehicle without an ignition interlock device. IAF, Tab 13 at 18; PFR File, Tab 1 at 11. The administrative judge found the agency's refusal based on risk of liability to be a reasonable exercise of agency discretion. ID at 3. Here, the appellant is charged with operating a vehicle without a valid license. IAF, Tab 8 at 47. The deciding official indicated his loss of trust in the appellant in his *Douglas* factor review and testified at the hearing that he felt it was too much liability to assume by signing the form. *Id.* at 54; Hearing CD (testimony of the deciding official). The appellant has provided no evidence that the agency signed the form for other employees. The appellant notes that the form is an accommodation for him and not an obligation for the agency. PFR File, Tab 1 at 11. Based on the record evidence, we find no reason to disturb the administrative judge's finding that the agency's refusal to sign the form was a reasonable exercise of agency discretion.

¶27 On remand, if the appellant fails to prove the affirmative defense of hostile work environment based on race, then the administrative judge may adopt his original findings regarding the agency's charges, nexus, and the appellant's other affirmative defenses, and may proceed with the penalty analysis.

## ORDER

¶28 For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.