# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2014 MSPB 79

Docket No. CH-0752-13-4643-I-1

**Sean McNab,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

October 7, 2014

Bobby R. Devadoss, Esquire, Dallas, Texas, for the appellant.

James L. Roth, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Vice Chairman Wagner issues a separate opinion concurring in part and
dissenting in part.

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision that affirmed his removal. We DENY the petition for review. Except as modified by this Opinion and Order to find that the appellant (1) meets the definition of an individual with a disability under the Americans with Disabilities Act Amendments Act (ADAAA), and (2) did not prove that he was subject to a disparate penalty, we AFFIRM the initial decision.

BACKGROUND

¶2 The agency removed the appellant from the position of Contract Specialist, GS-11, for the charges of (1) absence without leave (AWOL), and (2) failure to follow leave restriction letter procedures, effective September 5, 2013.[1] Initial Appeal File (IAF), Tab 5 at 15-22 of 24 (first submission). At issue were 24 instances of AWOL, totaling 192 hours, and 51 instances of failure to follow leave restriction letter procedures, all falling between July 31, 2012, and July 2, 2013. *Id.* at 16, 19-20 of 24.

¶3 Prior to removing the appellant, the agency was aware that he suffered from medical conditions. In October 2012, the agency received medical documentation that referenced the appellant's generalized anxiety disorder, major depressive disorder, and alcohol dependence.[2] IAF, Tab 17 at 5, Tab 18 at 13, Tab 19 at 15 of 62. Both the proposal and removal notices also referenced the appellant's medical conditions as a mitigating factor. Specifically, they reflect that the appellant entered a rehabilitation treatment facility on October 13, 2012, for generalized anxiety disorder, major depressive disorder, and alcohol dependence; and that he reentered a rehabilitation facility for an undisclosed "severe medical condition" in April 2013. IAF, Tab 5 at 17, 21 of 24 (first submission).

¶4 The appellant filed an appeal, challenging his removal as factually "incomplete, inaccurate and false"; not taken to promote the efficiency of the service; and motivated by disability discrimination. IAF, Tab 1 at 6, Tab 18 at 1.

---

[1] At the time of his removal, the appellant was under leave restrictions pursuant to letters dated March 23, 2012, and March 27, 2013. IAF, Tab 5 at 19 of 24 (first submission), 8-10 of 24 (second submission), 16-18 of 26.

[2] The appellant again submitted medical documentation in August 2013, in connection with a request for Family and Medical Leave Act protection for leave taken in July 2013 for bipolar disorder, anxiety, and depression. IAF, Tab 17 at 5, Tab 19 at 13 of 62, 4-5 of 32. However, the dates for which he sought protection occurred after the period of time relied on by the agency in removing him. IAF, Tab 5 at 19-20 of 24 (first submission), Tab 19 at 13 of 62.

He further alleged that he was not provided with the materials underlying the removal. IAF, Tab 1 at 6, Tab 18 at 1. The appellant originally requested a hearing but later withdrew that request. IAF, Tab 1 at 2, Tab 6. Therefore, his appeal was decided on the written record. IAF, Tab 10 at 1, Tab 20, Initial Decision (ID) at 1. The administrative judge sustained both charges, found the appellant's affirmative defenses unproven, and affirmed the appellant's removal.[3] ID at 5, 8, 22.

¶5    The appellant has filed a petition for review, challenging the administrative judge's findings that he was not disabled under the ADAAA and that the agency did not subject him to a disparate penalty, commit harmful procedural error, or violate his due process rights. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review. PFR File, Tab 3.

---

[3] The administrative judge found that 24 of 51 instances listed under the charge of failure to follow leave restriction letter procedures were also listed under the AWOL charge and therefore properly merged these specifications into the AWOL charge. ID at 7 (citing *Westmoreland v. Department of Veterans Affairs*, 83 M.S.P.R. 625, ¶ 6 (1999) (a charge of failure to follow leave requesting procedures must be merged into an AWOL charge where it is based on the same misconduct and involves the same elements of proof), *aff'd*, 19 F. App'x 868 (Fed. Cir. 2001), *overruled on other grounds as recognized in Pickett v. Department of Agriculture*, 116 M.S.P.R. 439, ¶ 11 (2011)). Nonetheless, the administrative judge found the remaining 27 instances were sufficient to sustain the charge of failure to follow leave restriction letter procedures. ID at 7-8. On review, the appellant does not challenge the administrative judge's finding that the agency proved the charges and the nexus of the charges to the efficiency of the service. *See* ID at 5, 8, 19. We see no reason to disturb these well-reasoned findings. *See Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶¶ 2, 9 (2009) (nexus established for the charges of failure to follow leave requesting procedures, resulting in AWOL, and failure to complete a work assignment where the appellant's supervisor was forced to find a replacement for the appellant, the appellant's conduct was a detriment to effective workplace operations, and his supervisor lost all confidence in him and his reliability); *see also Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 n.*, ¶¶ 14, 20 (2007) (there was a clear nexus between the removal for prolonged AWOL and the efficiency of the service).

ANALYSIS

<u>The appellant is disabled under the ADAAA but nonetheless did not prove his claim of disability discrimination.</u>

¶6    On petition for review, the appellant argues that the administrative judge erred in denying his affirmative defense of disability discrimination on the basis that he was not substantially limited in a major life activity.  PFR File, Tab 1 at 8. While we agree with the appellant that he has met his burden to show that he is disabled, we nonetheless find that he has failed to prove that the agency violated the ADAAA.[4]   Under the ADAAA, it is illegal for a covered entity to discriminate against a qualified individual on the basis of disability.  42 U.S.C. § 12112(a).

¶7    An appellant who raises a claim of disability discrimination must first establish that he is a disabled person entitled to the protection of the disability discrimination laws.   *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 38 (2012).  A disability is defined, in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  The ADAAA liberalized the definition of disability.  *Doe*, 117 M.S.P.R. 579, ¶ 38.  One aspect of the liberalized definition was to expand major life activities to "the operation of a major bodily function," including brain function.  ADAAA, Pub. L. No. 110-325, § 4(a), 122 Stat. 3553, 3555 (2008) (codified at 42 U.S.C. § 12102(2)(B)).  Under the ADAAA, the Equal Employment Opportunity Commission (EEOC) is charged with issuing regulations regarding employee rights and is specifically authorized to implement the definition of disability under the statute.  42 U.S.C. §§ 12116, 12205a.  The

---

[4] As a federal employee, the appellant's claim of discrimination on the basis of disability arises under the Rehabilitation Act of 1973. However, the regulatory standards for the ADAAA have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation.  *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010) (citing 29 U.S.C. § 791(g); 29 C.F.R. § 1614.203(b)).

EEOC's regulations implementing the ADAAA list conditions that "it should easily be concluded . . . substantially limit the major life activities indicated." 29 C.F.R. § 1630.2(j)(3)(iii). Among those items listed is "major depressive disorder," which is identified as "substantially limit[ing] brain function." *Id.*

¶8        When the agency issued the proposed removal letter, the appellant had been diagnosed with, along with alcohol dependence and anxiety, major depressive disorder. IAF, Tab 5 at 17, 21 of 24 (first submission), Tab 17 at 5, Tab 19 at 15, 52 of 62. Further, the proposing official was aware of these diagnoses. IAF, Tab 18 at 18. Although the proposing official was "not necessarily [aware of] the severity of the conditions," knowledge of the severity of the appellant's major depressive disorder is not necessary for a determination that it is a disability under the ADAAA. *Id.* Thus, we find that the appellant met the definition of an individual with a disability.[5] We modify the initial decision to reflect this finding.

¶9        Although the administrative judge found the appellant not to be disabled, she also found that (1) the agency did not breach its obligation to provide the appellant with reasonable accommodation, and (2) the appellant provided no evidence that his disability was a motivating factor in his removal. ID at 12-16. The appellant has not challenged these well-reasoned findings on review, and we adopt them. Therefore, the appellant failed to prove his claims that he was denied reasonable accommodation and that he was subject to disparate treatment in connection with his major depressive disorder or any other stated conditions.

[5] Because we find below that the appellant did not otherwise prove his disability discrimination claim, we do not reach the issue of whether he was a "qualified individual with a disability." *See* 42 U.S.C. § 12112(a).

The appellant did not prove that he was subject to a disparate penalty.

¶10    On petition for review, the appellant alleges that the administrative judge applied the wrong standard to his claim of disparate penalties.[6]  PFR File, Tab 1 at 6-8; *see* IAF, Tab 18 at 6-7 (raising the disparate penalties claim).  However, the initial decision is devoid of any discussion of disparate penalties.  We therefore modify the initial decision to address the appellant's contention, nonetheless finding the appellant has not met his burden concerning his disparate penalties claim.[7]

¶11    Where, as here, all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness.  *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).  Among those factors the Board will review in determining the reasonableness of the penalty is its consistency with those imposed upon other employees for the same or similar offenses.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  The appellant's allegation that the agency treated him disparately to another employee, without claiming prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant.  *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 5 (2010).  The appellant has the initial

---

[6] The appellant also refers to his argument as one alleging "disparate treatment."  PFR File, Tab 1 at 6.  However, based on the argument itself, he is seeking review of the penalty determination, as distinct from seeking review of the finding that he did not prove his affirmative defense of disparate treatment under the ADAAA.  *E.g.*, *id*. at 7 (asserting that he is not seeking review of an affirmative defense); *see Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 19 (2014) (explaining that disparate penalty and disparate treatment are different theories that have different elements of proof).

[7] Although we find that the administrative judge erred in failing to adjudicate this claim, we do not find remand necessary because the record is complete, allowing us to address this claim.  *See Davis v. Department of Defense*, 82 M.S.P.R. 347, ¶ 12 (1999) (it is unnecessary to remand an appeal for further adjudication when the record is complete with respect to the issue under review).

burden of showing that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 20, 24 (2012). We find that the appellant did not meet this initial burden.

¶12        In an attempt to meet this burden, the appellant points to the agency's responses to his discovery requests. PFR File, Tab 1 at 7. The agency admitted in discovery that within the appellant's immediate supervisory rating chain there had been other employees who were charged with AWOL but were not terminated.[8]  IAF, Tab 18 at 18. The agency additionally admitted that other employees within the deciding official's chain of command were charged with AWOL and/or failure to follow leave procedures but were not terminated. *Id.* at 18-19; *see id* at 20 (conceding that within the appellant's "Activity" and/or supervisory rating chain, the agency had not terminated every employee found guilty of "AWOL and/or Failure to Follow Leave Letter Procedures"). The agency denied that there were "no other employees within the Deciding Official's chain of command who were charged with AWOL and/or Failure to Follow Leave Procedures who were not terminated." *Id.* at 19. The agency declined to provide specific information, such as the identity of, penalty issued to, or race or disability of, any individual so charged. *Id.* at 24.

¶13        The appellant has provided some evidence that other employees received lesser discipline for one or both of the charges that serve as the basis for his removal. However, these facts are not sufficient for a reasonable person to conclude that the agency treated similarly-situated employees differently. There were distinguishing factors that led the agency to treat these employees more leniently. For example, the deciding official provided a sworn statement, in

---

[8] The appellant's immediate supervisor was also the individual who proposed his removal. IAF, Tab 5 at 22 of 24 (first submission), Tab 19 at 12 of 62.

which he specifically indicated that he had removed another employee besides the appellant for AWOL, notwithstanding the fact that the other employee "had significantly less sustained AWOL" instances than did the appellant. IAF, Tab 19 at 5 of 32. The deciding official also emphasized the special "time sensitive" nature of the appellant's responsibilities in his *Douglas* factor checklist for assessing which penalty to impose. In that checklist, the deciding official indicated that the appellant's AWOL adversely affected his ability to do his job because he was the responsible official "for a few of the critical procurements" and his absences put the agency "in jeopardy of missing critical milestone dates," which in turn caused its acquisition schedules to suffer. IAF, Tab 19 at 51 of 62. The deciding official also remarked that, because of the appellant's extensive absences, the deciding official and others were repeatedly forced to stop what they were doing so as to cover for the appellant at the last minute. *See id.* The deciding official believed that this disrupted the agency's mission and put great stress on the appellant's colleagues.

¶14 Furthermore, the appellant himself served a 5-day suspension in July 2012, prior to his removal, for the charges of AWOL, failure to follow leave restriction procedures, and discourtesy toward a supervisor. IAF, Tab 5 at 18-23 of 24 (second submission), 4-6 of 26, Tab 19 at 15 of 16, 5 of 32. In addition, other distinguishing factors might include the number of absences and whether the comparison employees were, like the appellant, on leave restriction. *See Weber v. U.S. Postal Service*, 47 M.S.P.R. 360, 362-64 (1991) (finding removal warranted where an employee on leave restriction was informed that his past pattern of unscheduled absences was unacceptable and that he could be disciplined for further such conduct, but he continued to fail to maintain a regular work schedule).

¶15 Moreover, the appellant did not fully avail himself of the discovery process to obtain information related to the disparate penalty issue. The appellant, who was represented by an attorney, had the option of filing a motion to compel the

agency to disclose such relevant information, but he chose not to do so. *See* 5 C.F.R. § 1201.74; *see also Carter v. Department of Labor*, 29 M.S.P.R. 500, 502 (1985) (employee not entitled to have agency produce documents absent showing how such information was relevant and material to specific issues). This is so, despite the fact that the administrative judge suspended the case for 30 days to allow the parties additional time to engage in discovery. IAF, Tab 14. Additionally, even though the appellant had the opportunity, if he wished, to further develop the record through testimony on the disparate penalty issue, he opted instead to cancel the scheduled hearing and to request a decision based only on the parties' written submissions. IAF, Tab 6. Therefore, based on the evidence presented by the appellant, we find that he has not met his initial burden regarding disparate penalties, and we affirm the penalty of removal.[9]

The administrative judge properly concluded that the appellant did not prove his claims of harmful procedural error or violation of due process.

¶16        The appellant argues on petition for review that the administrative judge erred in crediting the agency's assertion that he did not request the materials underlying his proposed removal. PFR File, Tab 1 at 10-11. Under Office of Personnel Management regulations, an agency is required to provide an employee the opportunity to review any materials on which it relied in support of the

---

[9] The appellant does not challenge the administrative judge's finding that the penalty of removal was within the tolerable limits of reasonableness, and we affirm that finding on review. ID at 19-22; *see Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996) (when all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness); *see also McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 14 (2011) (penalty of removal for more than 20 consecutive workdays of AWOL does not exceed the tolerable limits of reasonableness, particularly where the employee has prior discipline for the same offense); *Johnson v. General Services Administration*, 46 M.S.P.R. 630, 635 (finding removal for the charges of failure to follow proper leave procedures and AWOL to be within the bounds of reasonableness), *aff'd*, 944 F.2d 913 (Fed. Cir. 1991) (Table).

charges. 5 C.F.R. § 752.404(b)(1). Failure to comply with this regulation is procedural error and, if harmful to the appellant, would provide a basis for reversal of the action. *Forrester v. Department of Health & Human Services*, 27 M.S.P.R. 450, 453 (1985). In a sworn affidavit submitted prior to the close of record, the appellant stated that, although he requested the materials relied upon from the individual listed in the proposed removal, the agency did not provide them. IAF, Tab 18 at 12-13. The agency provided a sworn declaration from the identified individual, indicating that he received no such request. IAF, Tab 19 at 29-30 of 32.

¶17        When an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). In this instance, we agree with the administrative judge that the appellant's claim that he requested the underlying materials is not credible. ID at 17. The appellant did not provide any details such as when, or how, the request was made. ID at 17; IAF, Tab 18 at 12-13. Further, although the appellant was in contact with the agency via email to request an extension in his response to the proposed removal, noticeably absent from his messages are any request for the underlying materials. ID at 17; IAF, Tab 19 at 6-8 of 32. Therefore, the appellant failed to prove his affirmative defense of harmful procedural error.

¶18        We likewise affirm the administrative judge's finding that the agency did not violate the appellant's due process rights. ID at 18. Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). The

appellant challenges the administrative judge's finding on review, claiming that "the burden should have been on the agency" to prove that it provided the appellant with the materials underlying his proposed removal or that he never requested this information. PFR File, Tab 1 at 10. The appellant is correct that the agency must comply with the minimum requirements of due process. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (an agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond). However, regardless of the allocation of burdens, we find, as discussed above, that the weight of the evidence establishes that the appellant did not request the underlying materials. Therefore, we decline to find that the agency violated the appellant's due process rights.

## ORDER

¶19      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e](#)-5(f) and [29 U.S.C. § 794a](#).

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

SEPARATE OPINION OF ANNE M. WAGNER, CONCURRING IN PART AND
DISSENTING IN PART

in

*Sean McNab v. Department of the Army*

MSPB Docket No. CH-0752-13-4643-I-1

¶1  I agree that the agency proved its charges of absence without leave (AWOL) and failure to follow leave restriction procedures, and with the majority's conclusion that the appellant failed to prove his affirmative defenses of disability discrimination, harmful procedural error, and violation of his due process rights. I dissent from the majority's analysis of the disparate penalties issue and its determination that penalty of removal was within the tolerable limits of reasonableness and would, instead, remand this appeal for further adjudication to allow the Board to determine those issues on the basis of a fully-developed record, as is required by *Williams v. Social Security Administration*, 586 F.3d 1365, 1368 (Fed. Cir. 2009).

¶2  One of the grounds upon which the appellant challenged the penalty of removal as unreasonable was that the agency had imposed a more severe penalty on him than it had imposed upon other employees for the same or similar offenses. The basis for the appellant's position was the agency's admissions in discovery that: (1) "within the Appellant's immediate supervisory rating chain there have been other employees who were charged with AWOL and were not terminated"; and (2) "there were other employees under the Deciding Official's chain of command who were charged with AWOL and/or Failure to Follow Leave Procedures that were not terminated . . . ." IAF, Tab 18 at 18-19. The agency, however, refused to provide any information concerning such employees in response to the appellant's discovery requests, in redacted form or otherwise, on

the grounds that the appellant's requests sought documents and information protected by the Privacy Act.[1]

¶3      As the majority recognizes, the administrative judge's initial decision is devoid of any discussion or analysis of this issue. Majority Opinion, ¶ 10. Nonetheless, rather than remanding for further development of the record, the majority instead concludes that the appellant has not met *his* burden concerning his disparate penalties claim, finding that the record evidence is: (1) insufficient for a reasonable person to conclude that the agency treated similarly-situated employees differently, but (2) sufficiently complete for the Board to consider distinguishing factors upon which the agency "might" have relied in treating other employees more leniently. *Id.*, ¶¶ 12-15. The majority's analysis and conclusions cannot be reconciled with Federal Circuit or Board precedent, which places the evidentiary burden on this issue upon the agency, not the appellant, and which requires that such determinations be based on evidence contained in a fully-developed record, rather than on mere speculation.

¶4      In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of factors that are generally recognized as relevant in arriving at a penalty determination. One of the *Douglas* factors that agencies are required to consider in determining an appropriate penalty for employee misconduct is "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Id.*; *see Williams*, 586 F.3d 1365, 1368 (Fed. Cir. 2009). Despite the majority's repeated references to the

[1] The agency's blanket refusal was not supportable. *See* 5 C.F.R. § 293.311 (identifying, as available to the public, information from an Official Personnel File such as the name, present and past position titles, duty stations, and position descriptions of present and former federal employees); *see also Eaks v. Department of Justice*, 18 M.S.P.R. 328, 333 (1983) (the administrative judge did not abuse his discretion in imposing sanctions on the agency when it offered nothing more in support of its resistance to discovery than its conclusory assertion that the Privacy Act prohibited the production of information).

appellant's "burden," it is well-established that a disparate penalties argument is not an affirmative defense. *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 9 (2014); *Downey v. Department of Veterans Affairs*, 119 M.S.P.R. 302, ¶ 11 (2013); *Malinconico v. U.S. Postal Service*, 14 M.S.P.R. 542, 544 (1983) (the presiding official erroneously considered the appellant's claim of disparate penalties as an affirmative defense and improperly placed the burden of proof on the appellant). Rather, it is an attack on the agency's penalty determination, i.e., an argument that the agency failed to carry *its* burden on the penalty issue. *See Douglas*, 5 M.S.P.R. at 307-08 (the agency bears the burden of proving the appropriateness of the penalty) (citing 5 U.S.C. § 7701(c)(1)). Although the appellant must raise the disparate penalties issue, the agency bears the evidentiary burden on the matter. *Miille v. Department of the Air Force*, 28 M.S.P.R. 248, 251 (1985); *Bivens v. Tennessee Valley Authority*, 8 M.S.P.R. 458, 463 (1981); *Woody v. General Services Administration*, 6 M.S.P.R. 486, 488 (1981).

¶5        The Board has recently clarified that, to "trigger" the agency's evidentiary burden on disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors, such as whether the appellant and the comparator were in the same work unit, had the same supervisor and/or deciding official, and whether the events occurred relatively close in time, to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 & n.4 (2012); *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 12, 15 (2010).[2] The agency's burden was clearly triggered

---

[2] Despite references in prior Board opinions such as *Lewis* to the appellant's "initial burden," it is clear from the analysis in those cases that the appellant's burden is only to raise the issue of disparate penalties. This is because a deciding official does not have to consider each of the *Douglas* factors in making his penalty determination. *See Nagel v. Department of Health & Human Services*, 707 F.2d 1384, 1386 (Fed. Cir. 1983)

in this case. Here, the agency's admissions that within the appellant's immediate supervisory rating chain there had been other employees who were charged with AWOL but were not terminated, and that other employees within the deciding official's chain of command were charged with AWOL and/or failure to follow leave procedures but were not terminated, plainly are sufficient to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. Thus, it was incumbent upon the agency to prove a legitimate reason for the difference in treatment by a preponderance of the evidence.

¶6        The majority's conclusion that this evidence fails to satisfy the appellant's burden turns longstanding Board precedent on its head, transforming an appellant's obligation to raise the disparate penalties issue into an evidentiary burden of proof on the matter. This is especially inappropriate when the issue is the consistency of the penalty because it is the agency, not the appellant, that possesses information concerning comparator employees.

¶7        In the absence of any record evidence on comparators to support its conclusion that "[t]here were other distinguishing factors that led the agency to treat these employees more leniently," the majority cites the deciding official's uncorroborated and vague statement in his declaration that "[r]emoval was also consistent with the penalty imposed in other AWOL *cases* in which I have been the Deciding Official . . . . *In that case* I removed an employee for AWOL who had significantly less sustained AWOL compared to this case." IAF, Tab 19 at 5 of 32 (emphasis added); *see* Majority Opinion, ¶ 13. In light of the agency's

("The [B]oard never intended that each factor be applied mechanically, nor did it intend mandatory consideration of irrelevant factors in a particular case."); *Chavez*, 121 M.S.P.R. 168, ¶ 9; *Douglas*, 5 M.S.P.R. at 306 (not all of the factors will be pertinent in every case, and it must be borne in mind that the relevant factors are not to be evaluated mechanistically). Rather, the deciding official must consider the relevant *Douglas* factors implicated by the facts of the case before him. *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013).

refusal to offer any evidence to support or clarify this statement, it is of little, if any, probative value and certainly does not amount to a "fully-developed record" upon which the Board can determine this issue. The other grounds cited by the majority, such as the deciding official's emphasis on the time-sensitive nature of the appellant's responsibilities, the disruption that his absences caused, and his prior disciplinary record, would only be relevant to the disparate penalties analysis had the agency produced evidence concerning the nature of the comparator employees' responsibilities, whether their absences caused comparable disruptions, and whether they had comparable disciplinary records. Yet, the agency failed to do so here.

¶8 The majority compounds its error by offering its own possible reasons for the agency's difference in treatment, stating "distinguishing factors *might* include the number of absences, and whether the comparison employees were, like the appellant, on leave restriction." Majority Opinion, ¶ 14 (emphasis added).[3] The record, however, shows none of these facts.[4] Speculation as to why the agency might have imposed different penalties is no substitute for record evidence. *Cf. Williams*, 586 F.3d at 1369 ("We decide cases on the record before us, not on the basis of facts stated by counsel. The record before the Board, which is the only

---

[3] The majority also states that the appellant does not challenge the administrative judge's finding that the penalty of removal was within the tolerable limits of reasonableness, and affirms that finding on review. Majority Opinion, ¶ 15 n.10. I disagree. By challenging the penalty on the ground that the agency had imposed a more lenient penalty on employees for the same or similar offenses, the appellant is contending that the agency's determination is not an exercise of management discretion within tolerable limits of reasonableness.

[4] Rather than drawing an adverse inference based on the agency's failure to offer any evidence on an issue upon which it bears the burden of proof, the majority instead faults the appellant for failing to fully avail himself of the discovery process. Majority Opinion, ¶ 15. Because, as stated above, the agency's admissions establish that it treated similarly-situated employees differently, it was incumbent upon the agency, not the appellant, to offer additional evidence on this issue.

record we have, does not establish government counsel's factual description of what occurred, and we cannot base our decision on those statements.").

¶9    I neither express nor intimate any views as to what would be an appropriate resolution of this case, but only my view that the appropriate disposition of this case is to remand it to the administrative judge for further proceedings. *See id.* On remand, the administrative judge should: (1) develop, as fully as possible, the facts relating to whether the agency conscientiously considered the consistency of the penalty here with those imposed upon other employees for the same or similar offenses; (2) make findings and conclusions on that issue; and (3) based on that augmented record and those findings and conclusions, redetermine whether the agency met its burden to establish the appropriateness of the penalty in this case. *See id.* Under similar circumstances, the Board in *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324 (2013), recently remanded an appeal for the administrative judge to reconsider the reasonableness of the penalty in light of the appellant's claim of disparate penalties, with instructions to allow the parties to submit supplemental evidence and argument, including a hearing, if requested, so that the administrative judge may analyze the appellant's claim based on a fully-developed record. I believe that the Board should take the same approach in this case.

¶10    Accordingly, I respectfully dissent from the majority's decision to not remand this appeal for further development of the record on disparate penalties and reconsideration of whether the agency-imposed penalty is entitled to deference as an exercise of management discretion within tolerable limits of reasonableness.


_____
Anne M. Wagner
Vice Chairman