Jerry **WESTMORELAND, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3213.

United States Court of Appeals, Federal Circuit.

Sept. 13, 2001.

Before MICHEL and RADER, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

PER CURIAM.

Jerry Westmoreland petitions for review of the September 30, 1999, order of the Merit Systems Protection Board (Board), No. CH–0752–97–0692–B–1, upholding the Department of Veterans Affair's West Side Medical Center, Chicago, IL, (agency's) determination that Mr. Westmoreland was absent without leave (AWOL) from his employment, but mitigating the agency's penalty of removal to a 30–day suspension. Because the Board's determination that Mr. Westmoreland was AWOL, as well as the Board's decision to mitigate the penalty to a 30–day suspension, was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, this court *affirms*.

I.

Mr. Westmoreland works for the agency as a medical supply technician. On March 28, 1997, the agency proposed to remove Mr. Westmoreland from his position based upon its assertion that Mr. Westmoreland had been AWOL, that he failed to follow the required leave procedures, and that he used the agency's fax machine without authorization for personal purposes. The agency removed Mr. Westmoreland from his position on June 18, 1997.

Mr. Westmoreland appealed his removal to the Board on July 14, 1997, alleging that: (1) the agency's action of removal constituted disparate treatment with regard to the misuse of the fax machine; (2) he followed proper leave procedures in accordance with an agreement between himself and the agency; (3) the agency subjected him to disability discrimination; and (4) the agency terminated him in retaliation for his whistleblowing activity. In an initial decision, the administrative judge dismissed the appeal as prematurely filed. Mr. Westmoreland petitioned to the full Board for review. The Board denied the petition, but vacated the administrative judge's decision and remanded the matter to the regional office for further proceedings.

On remand, the administrative judge affirmed the agency's decision to remove Mr. Westmoreland. The administrative judge found that Mr. Westmoreland was

AWOL on the three days in question and that Mr. Westmoreland did not have any altered agreement with the agency regarding the proper leave procedures. Next, the administrative judge determined there was no disparate treatment of Mr. Westmoreland because the other relevant employee, who was merely reprimanded for unauthorized use of the fax machine, was not similarly situated. Regarding the allegation of disability discrimination, the administrative judge also found that Mr. Westmoreland had not established that his diabetes, which allegedly rendered him semi-comatose, was related to the fact that he was AWOL on three occasions. Finally, the administrative judge held that the agency established by clear and convincing evidence that it would have taken the removal action absent Mr. Westmoreland's whistleblowing activity.

Mr. Westmoreland appealed the second initial decision affirming his removal to the full Board. Although the Board noted that Mr. Westmoreland's petition failed to meet the requirements for review under 5 C.F.R. § 1201.115, the Board reopened the case on its own motion to address whether the penalty of removal must be mitigated under the circumstances.

The Board determined that the charges that Mr. Westmoreland was AWOL and failed to follow proper leave procedures must be merged because they did not involve different misconduct or elements of proof. The Board also found that the charge of unauthorized use of a government facsimile machine for other than official business on a single occasion was not serious. Finally, in considering the action of removal for the charge of being AWOL, the board held that the agency and the administrative judge improperly relied on prior instances in which Mr. Westmoreland was AWOL in determining and sustaining the penalty for the three days charged. Accordingly, the Board ordered the agency to cancel Mr. Westmoreland's removal, and mitigated the penalty to a 30–day suspension. In addition, the Board ordered the agency to pay Mr. Westmoreland back pay, interest, and other benefits.

Mr. Westmoreland subsequently filed a petition for enforcement with the Board's regional office. In a compliance recommendation, the administrative judge forwarded the petition for enforcement to the full Board with a recommendation that the agency be found in noncompliance with the Board's final Order. In response to the compliance recommendation, the parties filed a Joint Stipulation with the Board. As part of that stipulation, Mr. Westmoreland agreed to waive and withdraw any and all other issues raised by his March and April 2000 pleadings, or in any other pleading, motion, or petition whatsoever. Based on the stipulation between the parties, the full Board found that the agency had attempted in good faith to take all actions required by the Board's decision. The Board therefore dismissed the petition for enforcement without prejudice.

Meanwhile, Mr. Westmoreland filed a civil action in the district court challenging his removal on the basis of the agency's failure to: (1) accommodate his disability due to an unhealthy working environment; and (2) find that the agency's action was in retaliation for his protected disclosures to the media. In addition, Mr. Westmoreland sought compensatory damages for the agency's alleged discrimination and retaliation. The district court granted the agency's motion for partial summary judgment, finding that Mr. Westmoreland failed to properly raise the discrimination issue before the Board, and therefore did not exhaust his administrative remedies as required under the Americans with Disabilities Act and the Rehabilitation Act. The district court then transferred Mr. Westmoreland's nondiscrimination issues to this court under 28 U.S.C. § 1631.

## II.

■ This court lacks jurisdiction over an appeal from the Board in cases involving allegations of discrimination "mixed" with appealable nondiscriminatory adverse actions. *Williams v. Dep't of the Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983) (en banc). Such cases are properly appealed to the United States district courts. *Id.* In this case, however, the district court transferred portions of Mr. Westmoreland's case relating to non-discrimination issues to this court. This court must now consider whether the Board properly addressed Mr. Westmoreland's claims of discrimination and retaliation in reviewing his dismissal, which is separate from reaching the merits of the claims, and whether the Board properly characterized his absences as AWOLs. This court has jurisdiction to review these non-discrimination issues. 5 U.S.C. § 7703(b) (1994).

Once jurisdiction has been established, however, this court has limited review of Board decisions. This court affirms a Board decision unless it is "(1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.,* 984 F.2d 1193, 1194 (Fed.Cir.1993).

■ On appeal, Mr. Westmoreland does not dispute the factual underpinnings of the Board's findings. Instead, Mr. Westmoreland asserts that the Board failed to address his allegations of disability discrimination due to his diabetes. Further, Mr. Westmoreland alleges that the Board did not consider the agency's retaliation to his whistleblowing activities as the reason for his removal. As noted above, however, Mr. Westmoreland has executed a stipulation clearly indicating that he has waived "[a]ny and all other issues raised ... in any other pleading, motion, or petition whatsoever." Accordingly, Mr. Westmoreland has abandoned his ability to challenge the Board's determination on these issues.

Moreover, even if the stipulation did not apply, the administrative judge fully evaluated his allegation of disability discrimination, giving all reasonable inferences in favor of Mr. Westmoreland. The Board found that Mr. Westmoreland had not established that his disability was related to the fact that he was AWOL on three occasions. Furthermore, the administrative judge fully evaluated evidence of Mr. Westmoreland's retaliation claim and properly concluded that the agency would have removed Mr. Westmoreland absent any protected disclosures. 5 U.S.C. § 1221(e)(2) (1994); *Clark v. Dep't of Army,* 997 F.2d 1466, 1469–70 (Fed.Cir. 1993) (noting that an agency can refute allegation of reprisal for whistleblowing activities by proving by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected disclosure).

■ Mr. Westmoreland also alleges that the Board should have applied a grant of sick leave under 5 C.F.R. § 630.410 to his situation. In support of his allegation, Mr. Westmoreland cites to this court's holding in *Wade v. Dep't of the Navy,* 829 F.2d 1106 (Fed.Cir.1987). Mr. Westmoreland's reliance on this case, however, is misplaced. Unlike Mr. Westmoreland, the petitioner in *Wade* produced overwhelming evidence from several doctors who found that on the days the petitioner was absent "he was ill with cancer, recurring urinary infections, prostatitis, and pancreatitis, among other ailments." *Id.* at 1107. In contrast, the only evidence in support of Mr. Westmoreland's assertion that he was "semi-comatose" from his diabetes on the days in question was his own personal statement. The administrative judge evaluated this testimony and found it unper-

suasive in view of the evidence from opposing counsel that it was highly unlikely that one could slip into a semi-comatose stage and recover without the assistance of medical attention. Accordingly, because the facts in this case are considerably different from *Wade,* Mr. Westmoreland cannot rely on that holding for his assertion that the Board applied the wrong law.

This court has carefully considered Mr. Westmoreland's remaining arguments, but finds them unpersuasive. Because the Board's conclusion that Mr. Westmoreland failed to follow proper leave-request procedures, as well as its decision to mitigate the penalty to a 30–days suspension, was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, this court affirms.