# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELLIOTT E. FISHER,
  Appellant,

v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
  Agency.

DOCKET NUMBER
DE-0752-12-0268-I-2

DATE: June 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elliott E. Fisher, Apache Junction, Arizona, pro se.

Moira McCarthy, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant served as a GS-6 Psychiatric Licensed Practical Nurse (LPN) at a coed residential treatment center providing Native American youth with culturally relevant behavioral health treatment for addictive lifestyles including chemical dependency, as well as various psychiatric and psychological conditions. *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0268-I-1 (I-1), Initial Appeal File (IAF), Tab 13 at 107. On January 25, 2012, the agency proposed to suspend him for 14 days based on charges that he engaged in inappropriate conduct toward adolescent clients and management officials. *Id.* at 89-93. Prior to its issuing a decision upholding the proposed suspension, *id.* at 64-67, the agency's Acting Executive Officer notified the appellant directly and via his union steward that he would be detailed to an LPN position in another facility within the same commuting area, effective February 8, 2012, and that his refusal to comply with the detail assignment could result in his removal from the federal service, *id.* at 82-84. The Acting Workforce Relations Division Director also notified the appellant of this detail. *Id.* at 81. The appellant challenged its legitimacy and the agency's authority to impose it, and he did not report.

¶3        As a result, the Chief Nursing Officer at the facility to which the appellant had been detailed proposed his removal for: (1) failure to comply with instructions to report to a detail; (2) failure to comply with leave-requesting procedures; and (3) absence without leave (AWOL) from February 8-23, 2012. *Id.* at 59-63. In proposing the action, the Chief Nursing Officer considered that the appellant had recently been issued a decision letter suspending him for 14 days. *Id.* In response, the appellant argued that the detail was in reprisal for his whistleblowing; that is, for his having disclosed to the Chief Executive Officer that his immediate supervisor failed to assess a suicidal client in 2009. *Id.* at 54. The deciding official found that the charges were sustained, warranting the appellant's removal to promote the efficiency of the service. *Id.* at 27.

¶4        On appeal, the appellant again challenged the detail and argued that it and his removal were in reprisal for his whistleblowing activity.[2] *Id.*, Tab 1. He requested a hearing.[3] *Id.* at 2. Thereafter, the administrative judge issued an

---

[2] The appellant subsequently filed an individual right of action (IRA) appeal in which he alleged that the agency had taken action against him in reprisal for his protected whistleblowing activity. The administrative judge dismissed that appeal as untimely filed, *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-1221-13-0094-W-1, Initial Decision at 1, 6 (Mar. 25, 2013), and the initial decision became the Board's final decision on April 29, 2013, when neither party filed a petition for review. The appellant also filed a second IRA appeal in which he alleged that, based on the same protected disclosure at issue in the instant appeal, the agency, including its Office of Inspector General, took other actions against him. The administrative judge dismissed that appeal for lack of jurisdiction, *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-1221-13-0778-W-1, Initial Decision at 1, 8 (May 8, 2014), and the Board denied the appellant's petition for review of that decision, *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-1221-13-0778-W-1, Final Order at 2 (Dec. 12, 2014).

[3] The administrative judge denied the appellant's request that his removal be stayed based on his claim that it was in reprisal for his whistleblowing. *Fisher v. Department of Health & Human Services*, MSPB Docket No. SE-0752-12-0268-S-1, Order Denying Stay Request at 1, 5 (Apr. 19, 2012). During adjudication, the administrative judge also denied the appellant's request for a protective order on behalf of four of his coworkers, alleging harassment by the agency. *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0268-D-1, Order Denying Request for Protective Order at 2 (Aug. 3, 2012).

initial decision affirming the agency's action.[4]  *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0269-I-2 (I-2), IAF, Tab 9, Initial Decision (ID) at 2, 27.  She first found that charge (1), failure to follow instructions to report to a detail, was sustained.  ID at 10-12.  She next found that charge (2), failure to follow leave-requesting procedures, must be merged into charge (3), AWOL, because both charges were based on the same days of absence and the same set of facts.  ID at 8; *see McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 4 n.3 (2014) (citing *Westmoreland v. Department of Veterans Affairs*, 83 M.S.P.R. 625, ¶ 6 (1999), *aff'd*, 19 F. App'x 868 (Fed. Cir 2001), *overruled on other grounds as recognized in Pickett v. Department of Agriculture*, 116 M.S.P.R. 439, ¶ 11 (2011)).  The administrative judge then found charge (3), AWOL, sustained.  ID at 12-14.  She next considered, but found unsupported, the appellant's affirmative defense of reprisal for whistleblowing.  ID at 16-23.  Finally the administrative judge found that there was a nexus between the sustained charge and the efficiency of the service. ID at 23-24, and that removal was a reasonable penalty.  ID at 24-26.

¶5       The appellant has filed a petition for review, I-2, Petition for Review (PFR) File, Tab 1, the agency has filed a response, *id.*, Tab 3, and the appellant has replied thereto, *id.*, Tab 4.

---

[4] The administrative judge had previously dismissed the appeal without prejudice, pending the Board's ruling on the issue of the retroactivity of the Whistleblower Protection Enhancement Act of 2012 (WPEA).  *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0269-I-1, Initial Decision I-1 at 1, 3 (Jan. 3, 2013).  The appeal was refiled sua sponte following the administrative judge's determination that the appellant's protected activities and the allegedly retaliatory personnel action occurred prior to the effective date of the WPEA.  *Fisher v. Department of Health & Human Services*, MSPB Docket No. DE-0752-12-0269-I-2, IAF, Tab 9, Initial Decision at 14; *see King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶¶ 17-18 (2013 (finding that the damages provisions of the WPEA did not apply where the appellant's protected disclosures and the agency's retaliatory personnel actions took place before the effective date of the WPEA).

¶6        The appellant first challenges the administrative judge's finding sustaining charge (1), failure to comply with directions to report to detail. Citing 5 U.S.C. § 3341(a), the administrative judge found that the agency had the discretion to detail the appellant to another position without a loss of grade or pay. ID at 11. The appellant argues, however, as he did below, that his situation falls under the exception provided for at § 3341(a); that is, where employees are required by law to be exclusively engaged on some specific work. Specifically, the appellant argues that, because he was a Psychiatric LPN, the agency did not have the discretion to detail him to a general LPN position. PFR File, Tab 1 at 2-3. In support, he has submitted a one-page assessment form that he purportedly received "upon hire" setting forth the knowledge, skills, and abilities necessary for a Psychiatric LPN, which include providing care for mentally ill patients. *Id.* at 27. Because this document was not a part of the record below, the Board will not consider it because the appellant has not shown that it was unavailable prior to the close of the record below despite his due diligence.[5] *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In any event, the appellant has failed to demonstrate error in the administrative judge's finding that there is no evidence that the appellant's position was the type of position Congress intended to except from detail, i.e., a position "required by law" to be exclusively engaged on some specific work. To the extent that the appellant challenges the agency's basis for the detail, the administrative judge correctly found that the Board lacks jurisdiction to review an agency's decision to detail an employee where, as here, there is no reduction in pay. ID at 11; *see Bowen v. Department of Justice*, 38 M.S.P.R. 332, 334 (1988). In sum, the appellant has not shown error in the administrative judge's finding that the agency proved charge (1), failure to

[5] We reject the appellant's argument that it was the administrative judge's responsibility to subpoena this document. If the appellant thought the assessment form was relevant to his claim, he should have submitted it below.

comply with directions to report to detail, because the agency properly made the order and the appellant, by his own admission, failed to comply.

¶7 Notwithstanding the appellant's claim that "[t]his is not a case about AWOL," PFR File, Tab 4 at 5, the agency charged him with AWOL and the administrative judge found that the agency proved that he was AWOL from February 8 to February 23, 2012, because he was scheduled to work, did not report to duty, and did not request leave, ID at 12-14; *see Rojas v. U.S. Postal Service*, 74 M.S.P.R. 544, 548 (1997), *aff'd*, 152 F.3d 940 (Fed. Cir. 1998) (Table). We see no basis upon which to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge as to her well-reasoned findings in this matter. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶8 As to the appellant's claim of retaliation for whistleblowing, the administrative judge found that the appellant did make a protected disclosure regarding his immediate supervisor's failure to assess a suicidal patient in 2009. The administrative judge found that the appellant made the disclosure in November 2011 when he filed a complaint regarding the incident with the licensing Board of Psychology,[6] and not on October 12, 2011, as he urged. ID at 16-21. The administrative judge further found, based on the knowledge and timing test, specifically, the appellant's written statement in reply to the proposed removal, that she established that the November 2011 disclosure was a contributing factor to the removal action, ID at 21-22, but that the agency showed by clear and convincing evidence that it would have removed the appellant even absent his protected disclosure, ID at 22-23.

¶9 On review, the appellant argues, as he did below, that he first disclosed the matter regarding his immediate supervisor's alleged improprieties at a meeting on October 12, 2011. PFR File, Tab 1 at 7-9. In finding that he did not, the

---

[6] After a hearing at which the appellant's testified, the licensing Board dismissed the complaint. Hearing Transcript at 234, 257, 294.

administrative judge made credibility determinations, applying the factors set forth by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor). ID at 16-20. The administrative judge concluded that the Medical Director's testimony was "the most reliable" regarding what transpired at the October 12, 2011 meeting and that the appellant did not make any disclosure of wrongdoing by his immediate supervisor at that time, 2 years earlier. In reaching that conclusion, the administrative judge specifically considered the professional, calm, and straightforward manner in which the Medical Director testified. ID at 18. Although the appellant disputes the administrative judge's credibility determinations, PFR File, Tab 1 at 9-10, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge, *Crosby*, 74 M.S.P.R. at 105-06; *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).

¶10     In any event, as noted, the administrative judge found that the appellant did make a protected disclosure, albeit in November 2011, that was a contributing factor to his removal, but that the agency proved by clear and convincing evidence that it would have removed him, even absent that disclosure. ID at

19-23. In so finding, the administrative judge considered the factors set out by our reviewing court in *Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999), specifically: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. She found that the agency's evidence in support of removal was strong, that there was no evidence of any retaliatory motive on the part of the agency officials who were involved in the decision to remove, or of any other similarly situated employees, and that, based on the strength of the evidence supporting the agency's decision and the weakness of the evidence supporting a retaliatory motive, she was left with a firm belief that the agency would have taken the action in the absence of the disclosure.[7] ID at 22-23.

¶11     In finding the penalty of removal reasonable in this case, the administrative judge noted that the deciding official considered the appellant's past record consisting of the prior 14-day suspension for unrelated conduct, specifically, inappropriate conduct toward adolescent clients and management officials. ID at 25. On review, the appellant challenges the merits of that charge and argues that, as to it, the administrative judge failed to make any credibility determinations, PFR File, Tab 1 at 11-14, or consider the factors set forth in *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 305-06 (1981), PFR File, Tab 4 at 5. The administrative judge correctly found, however, that the Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a

---

[7] To the extent that the appellant challenges these findings, he does so in the context of what he describes as new and material evidence, a matter we discuss elsewhere in this decision.

higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Finding that the 14-day suspension in this case met the *Bolling* criteria, the administrative judge properly found that it was not clearly erroneous. ID at 5 n.3. The appellant has not shown that any further analysis of the 14-day suspension was required under law, regulation, or Board case law.

¶12    In addition to the appellant's past record, the administrative judge found that the deciding official also considered, as aggravating factors, the fact that the appellant's conduct was serious, repeated, and intentional, that it was inconsistent with the agency's mission, that she had lost confidence in him, that his conduct had an adverse impact on the agency's operation, that his 3-year tenure with the agency was relatively short, and that he had not established his claim of disparate penalties. ID at 25-26. Given that the charges were sustained, we agree with the administrative judge that, in imposing removal in this case, the agency considered all the relevant factors and exercised management discretion with the tolerable limits of reasonableness. *See Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010).

¶13    On review, the appellant argues that the administrative judge made a number of adjudicatory errors. For example, he argues that the delay in processing the appeal from hearing to issuance of the initial decision adversely affected the administrative judge's memory. PFR File, Tab 1 at 1-2, 26. Given that the administrative judge had access to all of the record evidence as well as the hearing transcript, we find that the appellant has not shown that any delay constituted an adjudicatory error that prejudiced his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶14    The appellant also argues that the administrative judge's witness rulings adversely affected the outcome of the case. PFR File, Tab 1 at 3. Specifically, the appellant contends that unnamed individuals in the "nursing department" and "many others" would have supported his protected disclosure. *Id*. The record

reflects that the appellant requested six witnesses, I-1, IAF, Tab 32 at 8, and that the administrative judge approved four of them,[8] *Id.*, Tab 37 (compact disc of the prehearing conference). In summarizing the prehearing conference, the administrative judge stated that she had approved several witnesses for the appellant "over the agency's objection" given that he had not provided the Board or the agency with a statement of their expected testimony. *Id.* (written summary of the prehearing conference). The administrative judge did not indicate that the appellant objected to her ruling denying two of the six witnesses he requested, and the record does not otherwise reflect that he objected below to that ruling. His failure to do so then precludes his doing so now on review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶15    The appellant also argues that the administrative judge ignored the testimony of those of his witnesses that she did allow, specifically, J.Z. PFR File, Tab 1 at 4. The appellant refers to testimony by J.Z. that appears to support the appellant's claim that he made a protected disclosure in October 2011, notwithstanding the administrative judge's finding that the protected disclosure occurred in November 2011. *Id.* First, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Second, because the dispositive issue in this case turned on the agency's showing that it would have removed the appellant, even absent his protected disclosure, he has not shown any prejudice to his substantive rights concerning this issue. *Panter*, 22 M.S.P.R. at 282. Finally, the appellant argues that J.Z. allegedly "won an Award in Arbitration" against an agency official involved in his own appeal, PFR File, Tab 1 at 4, but the appellant has not submitted any such document or

---

[8] An affidavit from one of the two remaining requested witnesses was a part of the written record below. I-1, IAF, Tab 21 at 11.

otherwise shown that it constitutes new and material evidence in this case,[9] *Avansino*, 3 M.S.P.R. at 214; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[10]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

---

[9] On review, the appellant submitted a number of documents that he describes as new and material evidence. Apart from those we have already addressed, they consist of a January 17, 2012 Letter of Expectations he received regarding his performance, PFR File, Tab 1 at 28, and an August 5, 2013 Superior Court of Arizona decision reversing a judgment by the trial court, which continued in place an injunction him by the Clinical Director of the facility where he was employed at the time of his detail, *id.* at 29-31. The appellant has not shown that these documents are new or material to the dispositive issues in this case, *Avansino*, 3 M.S.P.R. at 214; *Russo*, 3 M.S.P.R. at 349; and we therefore have not considered them. The appellant also contends that a Wikipedia entry shows that the Director of the facility at which he worked prior to his detail previously worked where he was detailed, and he posits that the Chief Executive Officer did so as well. PFR File, Tab 1 at 15. He also suggests that these two individuals had "checkered employment practices." *Id.* at 16. Evidence that others besides those who ordered the appellant's removal may have had a motive to retaliate against him and may have influenced the decision to remove could be relevant in determining if the agency showed by clear and convincing evidence that it would have removed the appellant, even absent his whistleblowing. *Carr*, 185 F.3d at 1326. However, because this proffered "evidence" is not new, *Avansino*, 3 M.S.P.R. at 214, and is, at best, speculative, we have not considered it.

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.